IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUNE KIRAN**, <br><br> Plaintiff, <br><br> v. <br><br> **KILOLO KIJAKAZI**, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 6:19-cv-1548-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

      On May 28, 2021, the Court affirmed the decision of the Commissioner. On July 14, 2022, the Ninth Circuit issued a Memorandum Disposition, effective September 6, 2022, reversing the decision of this Court and remanding with instructions for this Court to reverse the decision of the Commissioner and remand with instructions calculate an immediate award of benefits. On September 7, 2022, this Court vacated its original Judgment and Opinion and Order and issued a new Order and Judgment following the instructions of the Ninth Circuit. Now before the Court is Plaintiff's application for attorney's fees in the amount of $13,813, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner opposes Plaintiff's application, arguing that the Commissioner's position was substantially justified.

PAGE 1 – ORDER

## STANDARDS

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" after a sentence-four remand under 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569. "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its positions had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70. The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See,*

*e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A court's reversal of the ALJ's decision, however, is a strong indication that the government's defense of that decision was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision of [this] case was unsupported by substantial evidence is therefore a strong indication that the position of the United States in this matter was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." (quotation marks omitted)).

## DISCUSSION

Plaintiff seeks attorney's fees in the amount of $13,813. The Commissioner argues that the Court should decline to award fees because the government's position was substantially justified. The Commissioner primarily relies on the fact that this Court affirmed the Commissioner's decision to argue that a "reasonable" person could be satisfied by the government's position. The mere fact that this Court affirmed, however, does not satisfy the government's burden to show substantial justification. Otherwise, every case that was reversed by the Ninth Circuit would automatically be substantially justified, because the district court had affirmed the Commissioner. The Commissioner must show that the ALJ's position was substantially justified, despite being reversed by the Ninth Circuit. As explained by the Ninth Circuit:

> The district court abused its discretion in denying Craig's motion for attorney's fees because it misapplied the legal standard used to determine whether the Commissioner's position was substantially justified. Specifically, the district court failed to address on the merits why the Commissioner's underlying position—the ALJ's

PAGE 3 – ORDER

> decision denying Craig's application for SSI benefits—was substantially justified, as this court's precedents direct. This court's caselaw makes clear that where substantial evidence does not support an ALJ's decision, it is the "decidedly unusual case" in which substantial justification, within the meaning of the EAJA, exists.
>
> Here, the district court did not address how or why Craig's case is the "decidedly unusual case," even though we previously determined that substantial evidence in the record does not support the ALJ's decision to reject the opinions of two examining mental health experts.

*Craig v. Berryhill*, 725 F. App'x 580, 581 (9th Cir. 2018) (citations omitted).

The fact that this Court affirmed the ALJ does not show that the ALJ's opinion was substantially justified. In reviewing the underlying decision, the Ninth Circuit found that the ALJ erred in assessing Plaintiff's testimony, lay witness testimony, and the opinion of Plaintiff's treating medical provider. ECF 24. The Commissioner fails to demonstrate that despite these several errors by the ALJ, this is a "decidedly unusual case" in which substantial justification exists under EAJA.

The Commissioner does not challenge the reasonableness of Plaintiff's fee request. The Court has considered the request and finds it to be reasonable

## CONCLUSION

Plaintiff's request for fees under EAJA (ECF 28) is GRANTED. Plaintiff is awarded attorney's fees in the amount of $13,813. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the Court an assignment of EAJA fees to her counsel, if Plaintiff has no debt subject to the Treasury Offset Program, then Defendant shall cause the check to be made payable to Plaintiff's attorney and mailed to Plaintiff's attorney, at Katherine L. Eitenmiller, WELLS, MANNNING, EITENMILLER & TAYLOR, P.C., 474 Willamette Street, Eugene, OR 97401. If Plaintiff owes

a debt subject to the Treasury Offset Program, then the check for any remaining funds after offset of the debt shall be payable to Plaintiff and mailed to Plaintiff's attorney at the address provided above.

**IT IS SO ORDERED**.

DATED this 6th day of January, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge